Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-5101
Telephone: (516) 303-0552

United States District Court
Southern District of New York                                  7:20-cv-06680

| | |
|---|---|
| Linda Cole, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>                 - against -<br><br>The Procter & Gamble Company,<br><br>                                    Defendant | Class Action Complaint |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      The Procter & Gamble Company  ("defendant") manufactures, distributes, markets, labels and sells laundry detergent purportedly made from plants and plant-based ingredients under its Tide purclean ("pure-clean") brand ("Product").

2.      The Product is available to consumers from retail and online stores of third-parties and is sold in various sizes.

3.      According to the trade journal Perfumer & Flavorist, "green and eco-conscious cleaning continues to be popular" as "consumers are increasingly interested in the chemicals that are being used in laundry products and processes."[1]

4.      According to the independent research group Battelle:

---

[1] Perfumer & Flavorist, Green Is Key in U.S. Laundry Chemical Market, May 15, 2018.

Consumer preference is driving increased interest in products that are more sustainable to manufacture and safer for the environment when released in wastewater, such as surfactants derived from natural oils instead of petroleum.[2]

5.      The result is that companies increasingly market their cleaning products including laundry detergents to appeal to these interests.

6.      Defendant's PurClean laundry detergent is identified prominently as "Plant Based," with the brand name overlaid on a leaf on the front label  "0% dyes, phosphates, chlorine brighteners."



---

[2] Battelle Staff, The Future of Detergents: Top Trends Driving the Industry, May 5, 2016.

2

7.     The back label states "A Powerful Plant-Based Clean You Can Feel Good About."



Made With:

Plant-Based Cleaning Agents (Sodium Lauryl Sulfate, C10-16 Pareth, C10-16 Alkyldimethylamine Oxide),

Plant-Based Solvents (Propylene Glycol, Alcohol), Plant-Based Suds Reducer (Sodium Salts Of C12-18 Fatty Acids),

Plant-Based Water Softener (Sodium Citrate),

Plant-Based Enzymes (Subtilisin, Amylase Enzyme),

Mineral-Based Stabilizer (Sodium Borate),

Cleaning Aids (Polyethyleneimines Alkoxylated),

Fragrances, Water

8.     These representations gives reasonable consumers the belief that the Product uses only plant-based ingredients to clean clothes and its efficacy is provided exclusively by plant-based components, as opposed to non-plant-based ingredients, such as petroleum.

9.     Even though the front label contains a USDA BioPreferred Bio Certified Seal

indicating 75% biobased content, this is in small font and difficult to read.

10.     Further, there is no clarity that the biobased and plant-based cover the same things, as plant-based is more specific than biobased.

11.     The Product's plant-based claims are inconsistent with Federal Trade Commission recommendations, set forth in the Guides for the Use of Environmental Marketing Claims ("Green Guides"), which advise companies to "use clear and prominent qualifying language that clearly conveys that the certification or seal refers only to specific and limited benefits."

12.     Reasonable consumers viewing the front and back label will conclude the Product is entirely plant-based, including the "cleaning aids - Polyethyleneimines Alkoxylated" listed at the bottom of the ingredients in small print.

13.     These cleaning aids are derived from petroleum, which is not derived from plants.

14.     The cleaning aids are the most potent of ingredients used in the Product, even though they are fewer in number than the ingredients which are plant-based.

15.     The Product's other claims – "Gentle on Sensitive Skin" and "No Dyes" supports the beliefs of consumers that all ingredients are plant-based and not from petroleum.

16.     Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiffs and consumers.

17.     Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiffs.

18.     The value of the Product that plaintiffs purchased and consumed was materially less than its value as represented by defendant.

19.     Had plaintiffs and class members known the truth, they would not have bought the

4

Product or would have paid less for them.

20.    As a result of the false and misleading labeling, the Product is an sold at a premium price, approximately no less than 8.49 for 1.36 L, excluding tax, compared to other similar products represented in a non-misleading way.

Jurisdiction and Venue

21.    Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

22.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

23.    Plaintiff Linda Cole is a citizen of New York.

24.    Defendant The Procter & Gamble Company, is a Ohio corporation with a principal place of business in Cincinnati, Hamilton County, Ohio and is a citizen of Ohio.

25.    "Minimal diversity" exists because plaintiff Linda Cole and defendant are citizens of different states.

26.    Upon information and belief, sales of the Product in New York exceed $5 million per year, exclusive of interest and costs.

27.    Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this District, *viz*, the decision of Plaintiff Peter Figueroa to purchase the Product and the misleading representations and/or their recognition as such.

28.    This court has personal jurisdiction over defendant because it conducts and transacts

5

business, contracts to supply and supplies goods within New York.

Parties

29.    Plaintiff is a citizen of Croton on Hudson, Westchester County, New York.

30.    Defendant The Procter & Gamble Company is a Ohio corporation with a principal place of business in Cincinnati, Ohio, Hamilton County.

31.    Defendant sells consumer packaged goods under dozens of brands, sold in every state and in retail and online stores of all kinds.

32.    During the relevant statutes of limitations, plaintiff purchased the Product within her district and/or State for personal and household use in reliance on the representations the Product was plant-based and understood that to mean all of its ingredients were plant-based, not derived from petroleum and that its most effective cleaning ingredients were derived from plants.

33.    Plaintiff Linda Cole purchased the Product on multiple occasions, during the relevant period where the Product was represented as described here, at stores including but not necessarily limited to ShopRite, 460 S Riverside Ave, Croton-On-Hudson, NY 10520.

34.    Plaintiff bought the Product at or exceeding the above-referenced prices because she liked the product for its intended use, expected its ingredients to be only from plants because that is what the label said, and did not expect petroleum ingredients.

35.    Plaintiff was deceived by and relied upon the Product's deceptive labeling.

36.    Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

37.    The Product was worth less than what Plaintiff paid for it and she would not have paid as much absent Defendant's false and misleading statements and omissions.

38.    Plaintiff intends to, seeks to, and will purchase the Product again when she can do so

with the assurance that Product's labels are consistent with the Product's components – either all

the components comes from plant-based ingredients or the front label discloses the petroleum and

non-plant-based ingredients.

Class Allegations

39.    The class will consist of all purchasers of the Product who reside in New York during

the applicable statutes of limitations.

40.    Plaintiff will seek class-wide injunctive relief based on Rule 23(b) in addition to

monetary relief class.

41.    Common questions of law or fact predominate and include whether defendant's

representations were and are misleading and if plaintiff and class members are entitled to damages.

42.    Plaintiff's claims and basis for relief are typical to other members because all were

subjected to the same unfair and deceptive representations and actions.

43.    Plaintiff is an adequate representatives because her interests do not conflict with

other members.

44.    No individual inquiry is necessary since the focus is only on defendant's practices

and the class is definable and ascertainable.

45.    Individual actions would risk inconsistent results, be repetitive and are impractical

to justify, as the claims are modest relative to the scope of the harm.

46.    Plaintiff's counsel is competent and experienced in complex class action litigation

and intends to protect class members' interests adequately and fairly.

47.    Plaintiff seeks class-wide injunctive relief because the practices continue.

7

New York General Business Law ("GBL"), §§ 349 & 350
(Consumer Protection Statutes)

48.   Plaintiff incorporates by reference all preceding paragraphs.

49.   Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

50.   Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

51.   Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

52.   The amount and proportion of the characterizing components – plant-based ingredients – has a material bearing on price and consumer acceptance of the Product and consumers do not expect non-plant-based petroleum ingredients where a product is touted as "Plant Based" without more.

53.   Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

54.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

55.   Plaintiff incorporates by reference all preceding paragraphs.

56.   Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

57.   The amount and proportion of the characterizing components – plant-based

ingredients – has a material bearing on price and consumer acceptance of the Product and consumers do not expect non-plant-based petroleum ingredients where a product is touted as "Plant Based" without more.

58.   Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

59.   This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

60.   The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

61.   Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

62.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, <i>et seq.</i></u>

63.   Plaintiff incorporates by reference all preceding paragraphs.

64.   The Product was manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed substantive, quality, compositional and/or environmental which they did not.

65.   The amount and proportion of the characterizing components – plant-based ingredients – has a material bearing on price and consumer acceptance of the Product and consumers do not expect non-plant-based petroleum ingredients where a product is touted as "Plant

Based" without more.

66.    Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

67.    This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

68.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

69.    Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

70.    The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

71.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

72.    Plaintiff incorporates by reference all preceding paragraphs.

73.    Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

74.    The amount and proportion of the characterizing components – plant-based ingredients – has a material bearing on price and consumer acceptance of the Product and consumers do not expect non-plant-based petroleum ingredients where a product is touted as "Plant Based" without more.

10

75.   Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers.

76.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

77.   Plaintiff incorporates by reference all preceding paragraphs.

78.   Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and

experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   August 20, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

7:20-cv-06680
United States District Court
Southern District of New York

Linda Cole, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

The Procter & Gamble Company,

Defendant

## Class Action Complaint

Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 303-0552
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  August 20, 2020

/s/ Spencer Sheehan
Spencer Sheehan